# IN THE COURT OF APPEALS OF IOWA

No. 15-1491
Filed December 21, 2016

**RICHARD ALAN DEBATES,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

An applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Eric D. Tindal of Nidey Erdahl Tindal & Fisher PLC, Williamsburg, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ. Tabor, J., takes no part.

**VOGEL, Presiding Judge.**

Richard Debates appeals the dismissal of his application for postconviction relief, asserting the statute of limitations should not have applied based on newly discovered evidence that his counsel was ineffective. Because we find Debates could have raised his claim within the statutory time frame, we affirm.

I.      Background Facts and Proceedings

In May 2007, Debates pled guilty to sexual abuse in the third degree, in violation of Iowa Code section 709.4 (2005). Due to an error in his original sentencing order, Debates was resentenced on October 4, 2007. Debates did not file a direct appeal to his conviction. In March 2011, Debates filed a pro se application for postconviction relief, which claimed his counsel was ineffective. Specifically, Debates stated that he believed his attorney forged documents that were submitted to the court. The application then sat unpursued until July 2015, when Debates filed another pro se application for postconviction relief, asserting the same grounds.[1] An attorney was then appointed to represent Debates. The State filed a motion to dismiss Debates's application based on the applicable three-year statute of limitations contained in Iowa Code section 822.2 (2011). Debates claimed the limitations period did not apply because his application was based on a ground of fact that could not have been raised during the limitations period. On August 7, 2015, the district court issued a ruling that found the grounds for Debates's application could have been discovered through due

---

[1] This pro se application is dated March 3, 2009; however, it was not filed until July 2015.

diligence prior to the expiration of the limitations period and granted the State's motion to dismiss. Debates appeals.

II.    Standard of Review

Generally, we review decisions regarding applications for postconviction relief for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). This standard applies when we review a statute-of-limitations defense to postconviction actions. *Harrington v. State*, 659 N.W.2d 509, 519–20 (Iowa 2003). "However, when the applicant asserts claims of a constitutional nature, our review is de novo." *Ledezma*, 626 N.W.2d at 141.

III.    Statute of Limitations

Debates asserts the three-year statute of limitations did not apply to his application because it was based on a ground of fact that could not have been raised within the limitations period. Specifically, Debates claims he suspects his attorney forged documents submitted to the court and that he could not have discovered the alleged forgery within the limitations period. The State counters that any forgery committed by Debates's attorney could have been discovered within the limitations period.

Iowa Code section 822.3 provides:

> All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

While section 822.3 does provide a potential exception to the statute of limitations, the exception does not apply if the grounds for relief asserted could have been raised within the three year time period. Iowa Code § 822.3; *see*

*Harrington*, 659 N.W.2d at 521. Therefore, the ground-of-fact exception does not apply if the applicant was aware of the fact prior to the expiration of the three-year limitations period. *See id.*

Debates does not identify what documents were allegedly forged, but the district court identified three documents bearing Debates's signature in the court file: (1) the written arraignment, (2) the pretrial conference statement, and (3) the plea agreement. The district court then found that Debates's signature on the written arraignment was notarized by someone other than his attorney, that Debates was likely present at the pretrial conference, and that he was definitely present at the taking of the guilty plea.

Upon our review of the record, we agree with the district court that Debates could have discovered "any ground of fact" relating to his attorney's alleged forgery within three years of his conviction. Any purported forgery should have been immediately apparent to Debates at his pretrial conference, plea hearing, or sentencing. These proceedings provided Debates with ample opportunity to review his file and raise any concerns to the court. Further, Debates could have discovered any forgery issue upon a cursory review of his file, which could have occurred at any time following his plea and sentencing. Finally, as the district court noted, concerns about Debates's attorney's actions in forging documents surfaced in 2008 and became public in 2009. Debates could have discovered this information through a variety of sources and been alerted to a potential problem with his case. Despite these opportunities to exercise due diligence and potentially discover the evidence on which Debates basis his claim,

he did not file his application for postconviction relief until more than three years after his conviction became final.

IV.     Conclusion

Because Debates based his application on a ground of fact that could have been raised within the limitations period for postconviction actions, his application was barred and was correctly dismissed.  We therefore affirm the district court.

**AFFIRMED.**